## DEMAND FOR JURY TRIAL IN THE CINCINNATI MUNICIPAL COURT.

Court of Appeals for Hamilton County.

JOSEPH W. BRODBECK ET AL V. FRANK F. TALLEY ET AL.

Decided, April, 1914.

*Rules of Court—Rule Not in Harmony With Statutory Provision—Construed as Directory Only—Demand for Trial by Jury in the Municipal Court of Cincinnati.*

A rule of the municipal court of Cincinnati, fixing a time for demanding trial by jury other than that provided by the act creating the court, is repugnant to said act, and where demand is made within the time fixed by the statute its refusal is error notwithstanding the rule of court.

*Louis P. Pink,* for plaintiffs in error.
*Campbell S. Johnston* and *James B. Swing,* contra.

JONES (E. H.), J.

The action below was upon a promissory note, and was tried in the municipal court of Cincinnati and resulted in a judgment against the defendants who are plaintiffs in error here.

Several assignments of error are made, but the case was advanced for argument in this court because it involves the validity of Rule 16 of the code of rules of the municipal court of Cincinnati. This rule is one of a code of rules adopted by the judges of that court to govern the procedure therein.

It appears from the record in this case that before the trial the defendant below demanded a jury, which demand was denied by the trial judge on the ground that it had not been made at the time nor in the manner provided by said Rule 16, which reads as follows:

"On the second day after rule day for filing statement of defense in cases where the same is required, and on appearance day in other cases, at 9 o'clock A. M., the judge assigned to

that duty shall call all cases in which service either by summons or publication has been duly made, and the clerk shall prepare for delivery to said judge a list of all such cases for call, whether issue has been joined or not. When the cases are called default judgment shall be rendered on the bill of particulars when no appearance is made or statement of defense filed, or leave to plead granted. If the issues are made up, the case shall then be assigned for trial, as hereinafter provided. Extension of time to plead may be granted by the court in its discretion, in which case the case shall again be called by the same judge on the second day after the expiration of the leave. A second extension of time to plead will be granted on showing of cause by affidavit. When the claim is for unliquidated damages, default judgment will be rendered, but the case assigned to the trial calendar for assessment of damages.

"Each party desiring a jury shall, upon said call, demand the same in writing. All applications for extension of time to plead must then be made," etc.

The act creating a municipal court and prescribing its duties is found in 103 O. L., 279. Section 14 of that act authorized a municipal court "to adopt and publish rules governing practices and procedure not otherwise provided for in this act." Section 15 of the same act provides that "all causes, both civil and otherwise, in the municipal court shall be tried to the court, unless before the court shall proceed to inquire into the merits of the cause a jury shall be demanded by either party to the action."

A reading of Rule 16 in connection with this general provision of the act shows beyond any question that the rule is repugnant to the provisions of the act in that it fixes a time other than that provided therein when the demand for a jury must be made. The language of Section 14 above quoted only gives a municipal court authority to make rules upon matters which are not specifically provided for in the act. The Legislature has clearly fixed the time within which a demand for a jury may be made, and hence from the language of the law itself any rule of the court in conflict with that provision must he held to be invalid. The demand for a jury in this case was made by defendants below within the time prescribed by the General As-

sembly, and it was error for this court to refuse such demand.

The bill of exceptions fails to show that this case was "called" at any time before trial. But counsel in presenting the case proceeded as if a statement to that effect was contained in the bill, and on account of the importance of the question argued, and the certainty that it must eventually be adjudicated, we have complied with the manifest desire of all parties concerned in passing upon the rule in this case.

It will be noticed that the rule imposes no penalty for failure to comply with it, nor does it say that a jury will be deemed waived unless demanded at the time therein fixed. It therefore might well be considered as merely directory and as a guide to counsel and litigants, and if so considered we see no necessity for expunging it from the rules of the court. The request which its words import can and doubtless will be complied with in many cases without inconvenience to the parties or their counsel, and thus it may aid in the dispatch of business and serve to some degree the evident purpose of its authors. But a failure to observe it by a litigant should not bar him from the right to trial by jury demanded within the time fixed by statute.

It is not necessary to pass upon the other errors assigned.

Judgment reversed, and cause remanded for new trial.

JONES (Oliver B.), J., and FERNEDING, J., (sitting in place of Swing, J.), concur.